SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU:  CRIMINAL TERM PART 45
-----------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

                       -against-

DUANE COSTA,

                       Defendant.
-----------------------------------------------------------------------X

Indictment # 70224-18
(1934N-2018)

DECISION AND ORDER

For the People:      Hon. Anne T. Donnelly, District Attorney, Nassau County
                       262 Old Country Road  Mineola, New York 11501
                       By:  Jason R. Richards, Esq. and Kevin C. King, Esq., Of Counsel

For the Defendant:   Duane Costa, Pro Se (DIN#22B0723)
                       Green Haven Correctional Facility 594 Route 216 -- P.O. Box 4000
                       Stormville, New York 12582-4000

CHRISTOPHER HOEFENKRIEG, A.J.:

On October 28, 2018, the defendant, Duane Costa, discharged a firearm in the direction of four Nassau County police officers while running from a car that the officers had stopped. The defendant was indicted and, following a nonjury trial, convicted of four counts of attempted murder in the first degree (Penal Law § 110.00/120.27[1][a][i]), three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03[1][b]), and one count of criminal use of firearm in the first degree (Penal Law § 265.09[1][a]). Following a hearing held pursuant to CPL 400.16, the defendant was adjudicated a persistent violent felony offender and sentenced to prison terms of 25 years to life with respect to each of the attempted first-degree murder counts and to prison terms of 10 years to life on each of the remaining four counts. The court ordered all sentences to run concurrent to one another. (Harrington, A.J., at trial, hearing and sentence). The defendant's conviction was affirmed on direct appeal. *People v Costa*, 222 AD3d 775 (2d Dept 2023), *lv denied* 41 NY3d 1001 (2024) (Halligan, J.). A petition for a writ of habeas corpus is now pending in federal court and a coram nobis proceeding is pending before the Appellate Division.

By papers filed on September 23, 2025, the defendant now moves to set aside the sentence imposed pursuant to this judgement of conviction and to resentence the defendant as a violent felony offender pursuant to Penal Law § 70.02. Specifically, the defendant claims that his sentence was unlawful in that he was improperly adjudicated a persistent violent felony offender based upon convictions that fell outside the ten-year period prescribed in Penal Law § 70.04(1)(b)(iv) (*see*

Penal Law § 70.08[1][b]) and where the tolling incidental to the intervening period of incarceration was determined by the acting justice who presided at the hearing, rather than by a unanimous jury. The defendant cites the Supreme Court decision in *Erlinger v United States*, 602 US 821 (2024), in support of his position. The People oppose this motion in papers dated October 28, 2025. The defendant has been afforded an opportunity to file a reply but, to date, this court has not received a reply. Upon considering the papers filed, as well as the relevant court records, the following constitutes this court's findings of fact, conclusions of law, and the reasons for its determination. CPL 440.30(7).

At the outset, the persistent-violent-felony-offender adjudication did not apply to the four counts of attempted murder in the first degree, which is not a violent felony. *Cf.* Penal Law §§ 70.02; 70.10. With respect to these four counts, the defendant was sentenced as a felony offender pursuant to Penal Law § 70.00(3)(a)(i)(C).

As for the remaining counts, the defendant was properly adjudicated a persistent violent felony offender. Contrary to the defendant's contention, the Supreme Court in *Erlinger* "decid[ed] no more than that" a jury must determine, beyond a reasonable doubt, that prior convictions that would enhance a defendant's sentence pursuant to the Armed Career Criminal Act arose from conduct committed on different occasions. *Erlinger*, 602 US at 835. The question raised by the defendant in the instant motion is not whether the crimes of which he had been previously convicted were violent felonies – their status as such is plainly dictated as a matter of law. Rather, the inquiry concerns whether these convictions fell within the prescribed ten-year look-back period when that time is extended based on periods where the defendant was incarcerated. The Supreme Court did not address whether this distinct question may, consistent with the Sixth Amendment, be found by a judge without referring the question to a jury. Nor, in this court's view, is there anything in the dicta contained in the Court's opinion in *Erlinger* that would necessarily indicate that judicial fact-finding in this context would not pass Constitutional muster, so as to abrogate the longstanding holding that the procedure set forth in CPL 400.16 does not run afoul of the Sixth Amendment guarantee of a trial by jury. *See e.g. People v Bell*, 15 NY3d 935 (2010).

In any event, even if *Erlinger* were to be read as disapproving of the procedure employed in the instant case, its application would not retroactively affect the sentence imposed. *See People v Rodney*, 85 Misc3d 852 (Sup Ct NY Co 2024). Finally, in light of the compelling evidence presented at the hearing, any error in the procedure employed in determining that the defendant was a persistent violent felony offender was harmless beyond a reasonable doubt. Accordingly, it is

ORDERED that the defendant's motion to set aside the sentence of this court (Harrington, A.J.), imposed pursuant to a judgement rendered by that court on February 24, 2014, convicting him, after a nonjury trial, of four counts of attempted murder in the first degree (Penal Law

---

§ 110.00/120.27[1][a][i]), three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03[1][b]), and one count of criminal use of firearm in the first degree (Penal Law § 265.09[1][a]) and sentencing him to an aggregate prison term of 25 years to life, is summarily denied in its entirety (*see* CPL 440.30[4][a]).

E N T E R:

Dated: December 5, 2025
     Mineola, New York

Christopher Hoefenkrieg, A.J.S.C.

DEC 0 5 2025

CLERK. '    .CE
COUNTY .
NASSAU CO.    Y

---

*People v Duane Costa*
(IND-70224-18 [1934N-2018])
    Decision and Order
    dated December 5, 2025
    Page 3 of 3

## <u>NOTICE PURSUANT TO 22 NYCRR § 671.5</u>

THE DEFENDANT IS HEREBY ADVISED OF THE RIGHT TO APPLY FOR A CERTIFCATE GRANTING LEAVE TO APPEAL THIS DECISION AND ORDER TO THE APPELLATE DIVISION OF THE SUPREME COURT FOR THE SECOND JUDICIAL DEPARTMENT, BY MAILING AN APPLICATION FOR SUCH CERTIFICATE TO THE CLERK OF THE APPELLATE DIVISION AT:

**45 MONROE PLACE
BROOKLYN, NEW YORK 11201.**

AND SERVING A COPY OF THE SAME ON THE DISTRICT ATTORNEY OF NASSAU COUNTY AT:

**262 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501.**

THE DEFENDANT IS FURTHER ADVISED THAT, UPON PROOF OF FINANCIAL INABILITY TO RETAIN COUNSEL AND TO PAY THE COST AND EXPENSES OF THE APPEAL, THE DEFENDANT MAY APPLY TO THE APPELLATE DIVISION FOR ASSIGNMENT OF COUNSEL AND FOR LEAVE TO PROSECUTE THE APPEAL AS A POOR PERSON AND TO DISPENSE WITH THE PRINTING. SUCH AN APLICATION WILL BE ENTERTAINED ONLY IF AND WHEN A CERTIFICATE GRANTING LEAVE TO APPEAL IS GRANTED.